**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2661

HERTZL SINAI,

Plaintiff, Appellant,

v.

VERIZON NEW ENGLAND, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nancy Gertner, U.S. District Judge]

Before

Howard, Circuit Judge,

Bownes and R. Arnold,* Senior Circuit Judges.

Philip R. Olenick for appellant.
Arthur G. Telegen, with whom Alicia Alonso Matos and Foley
Hoag, LLP were on brief, for appellee.

September 3, 2003

---

*Of the United States Court of Appeals for the Eighth Circuit,
sitting by designation.

**Per Curiam**.  Plaintiff-appellant Hertzl Sinai brought an employment discrimination action against Verizon New England, Inc. ("VNE"), and now appeals the district court's award of summary judgment to VNE.  We affirm.

Sinai is a Jewish-American citizen, born in 1947, who immigrated from Israel and walks with a cane.  Sinai, who has a background in communications systems and sales, has been applying for jobs with various telephone companies since 1975.  After prevailing in an employment discrimination claim for failure to hire against New England Telephone and Telegraph Company ("NET") more than a decade ago, see Sinai v. New Eng. Tel. & Tel. Co., 3 F.3d 471 (1st Cir. 1993)("Sinai I"), Sinai has submitted numerous employment applications to NET's successors-in-interest and their subsidiaries whenever he saw a job advertised.  None has resulted in an employment offer.

In June 1997, Sinai applied for a sales position at a Bell Atlantic Mobile store in the Kingston Mall in Kingston, Massachusetts.  A year passed without a response from Bell Atlantic Mobile.  In June 1998, Sinai returned to the store to renew his application and was granted an interview.  During the interview, the interviewer allegedly told Sinai that he "sounded Middle Eastern" and asked him, "Are you Arab?" with "an unpleasant

expression on his face."[1] Sinai was not given the job and, on July 2, 1998, he filed charges alleging national origin, religion, and age discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC").

Both administrative complaints named "Bell Atlantic" as the respondent. At the time, Bell Atlantic Mobile was a wholly owned subsidiary of Bell Atlantic Corporation,[2] but the MCAD charge did not specify which corporation Sinai intended to sue. The address on the MCAD charge, "8 Harrison Street, Kingston MA, 02364," did not resolve the matter because there is no Harrison Street in Kingston.[3] Although Sinai amended the MCAD charge twice, once in December 1998, and again in July 2001, he did not amend the address. To further confuse matters, in June 2000, a merger between GTE Corporation and Bell Atlantic Corporation resulted in a number of name changes: Bell Atlantic Mobile became Verizon

---

[1]These allegations are remarkably similar to those made in Sinai's previous, and successful, discrimination action. See Sinai I, 3 F.3d at 473.

[2]NET was at the time also a wholly owned subsidiary of Bell Atlantic Corporation.

[3]Sinai states that the mistake occurred when the MCAD intake officer preparing the charge confused the address of the Bell Atlantic Mobile retail store with Bell Atlantic Corporation's main office in Boston, which is on Harrison Street.

Wireless,[4] NET became VNE, and both became wholly owned subsidiaries of Verizon Communications, Inc. The merger changed the names of these entities but not their organizational structures; at all points before and after the merger, Bell Atlantic Mobile (now Verizon Wireless) and VNE were wholly owned subsidiaries of a common parent company.[5] On May 29, 2001, almost three years after the original filing, the MCAD charge was served on VNE.

On June 29, 2001, Sinai filed this lawsuit, naming VNE as the sole defendant. In addition to the events described above, the complaint sought relief for other incidents, not covered in the administrative complaints, in which VNE refused to hire Sinai. Specifically, Sinai complained that, between 1999 and 2001, he had repeatedly applied to VNE for employment for which he was qualified, without success, and that a VNE employee had once falsely told him there were no job openings.

Sinai amended his complaint on July 9, 2001, and again on April 22, 2002. The second amended complaint, which followed an order by the district court to provide a more definite statement, stated claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; the Americans with Disabilities Act ("ADA"), 42

---

[4]Verizon Wireless is a joint venture consisting of Bell Atlantic Mobile, GTE Wireless, and other parties.

[5]After the merger, the parent company previously known as Bell Atlantic Corporation was renamed Verizon Communications, Inc.

U.S.C. § 12111, et seq.; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623; and Mass. Gen. Laws Ann. ch. 151B. The second amended complaint also added as defendants Bell Atlantic Mobile, Verizon Yellow Pages, Verizon Wireless Services, and Verizon Communications (collectively, the "Bell/Verizon defendants").

On July 8, 2002, VNE moved for summary judgment. On November 19, 2002, the district court granted VNE's motion, reasoning that VNE was not the proper defendant to the allegations presented in the administrative complaints and that the additional claims against VNE had not been exhausted administratively. The district court also dismissed without prejudice the claims against the remaining Bell/Verizon defendants for failure to timely serve them with process. Sinai does not challenge the dismissal of the Bell/Verizon defendants.

On appeal, Sinai first argues that the district court improperly treated Bell Atlantic Mobile/Verizon Wireless ("Bell Atlantic Mobile") and VNE as distinct jural entities. He contends that, under binding First Circuit precedent, Bell Atlantic Mobile and VNE (and, indeed, all divisions of the telephone company) should not be differentiated from one another. Alternatively, he asserts that his second amended complaint expressly alleged that the various corporations were commonly controlled and/or controlled each other; that VNE had failed to provide him with discovery

pertinent to this allegation; and that the court's award of summary judgment despite his having brought VNE's recalcitrance to the court's attention was legal error.

Sinai's "circuit-precedent" contention is built entirely from the fact that, in Sinai I, Sinai apparently prevailed against sister companies NET and NYNEX Information Resources Company ("NIRC") despite the fact that only NIRC failed to hire him. In Sinai's view, this litigation fact establishes that he can now similarly prevail against VNE, which has the same corporate parent as the corporate entity that failed to hire him. This view of the law is specious; the issue simply did not come up in Sinai I. The relevant and dispositive fact is that there is no record evidence that would justify treating VNE and Bell Atlantic Mobile (in either their pre- or post-merger forms) interchangeably or as a unified entity.

Sinai's alternative suggestion, that the district court erred in grounding its ruling on the absence of such evidence because VNE failed to provide him with relevant discovery, fails because Sinai did little more than assert (in his opposition to VNE's motions for summary judgment and to stay discovery) that VNE should have provided him with unspecified documentary evidence regarding "the internal workings of Verizon's operating companies." Id. at 8. To forestall a motion for summary judgment on the ground that additional discovery is needed, a party must, inter alia, make

"a proffer which, at a bare minimum, articulates a plausible basis for the [party's] belief that previously undisclosed or undocumented facts exist, that those facts can be secured by further discovery, and that, if obtained, there is some credible prospect that the new evidence will create a trialworthy issue." Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 44 (1st Cir. 1998) (explaining the requirements for relief under Fed. R. Civ. P. 56(f)) (citations omitted). Sinai made no effort to comply with this requirement, and the district court acted well within its discretion, see id., in proceeding to the merits of VNE's motion.

Sinai next contends that the claims against VNE in his second amended complaint were sufficiently related to the claims set forth in the administrative complaints to not require separate presentment to an administrative agency. As a general matter, the scope of an employment discrimination action is not strictly limited to those acts and incidents described in the administrative complaint. We have previously held that a judicial complaint may "encompass discrete acts of retaliation reasonably related and growing out of the discrimination complained of to the agency." Clockedile v. N.H. Dep't of Corr., 245 F.3d 1, 6 (1st Cir. 2001). But even if we assume arguendo that a discrete, non-retaliatory act such as a failure to hire may be the subject of a lawsuit despite plaintiff's failure to amend his administrative charge or file a

new charge, Sinai's claims of discrimination against VNE are not reasonably related to, nor do they grow out of, the claims against Bell Atlantic Mobile described in the administrative complaints.

Sinai's administrative complaints detailed acts by Bell Atlantic Mobile, but did not once mention VNE. Moreover, Sinai amended the charge in July 2001, but at no point referred to VNE's alleged discriminatory acts occurring between 1999 and 2001. There is no reason to believe that the alleged acts of VNE "grew out of" or were in any way related to the acts described in the administrative complaints, which occurred years earlier at another company. We therefore agree with the district court that the claims against VNE are "entirely different" from the claims set forth in the administrative charges against Bell Atlantic Mobile.

Sinai's third argument is that the district court improperly held him responsible for the error in the MCAD charge listing the respondent's address as "8 Harrison Street" in Kingston. On the contrary, the district court placed no blame on either party for the error. Indeed, the address error had no bearing on the entry of summary judgment in favor of VNE. The argument thus lacks relevance.

Finally, Sinai asserts that the district court improperly ruled on VNE's summary judgment motion without a hearing. Although Fed. R. Civ. P. 56(c) provides that a summary judgment motion "shall be served at least ten days before the time fixed for the

hearing," this language does not, of course, require oral argument in connection with every such motion.  <u>Delgado-Biaggi</u> v. <u>Air Transp. Local 501</u>, 112 F.3d 565, 567 & n.4 (1st Cir. 1997). Parties may be "heard" on the basis of the pleadings filed.  <u>Id.</u> Sinai gives us no reason to believe that this matter was unsuitable for hearing and resolution on the pleadings.

**<u>Affirmed</u>**.